# EXHIBIT A

LAW OFFICE OF
DAVID J. WEINSOFF
138 Ridgeway Avenue
Fairfax, California 94930
tel. 415·460·9760
david@weinsofflaw.com

*Via Certified Mail – Return Receipt*

January 10, 2023

Mr. Ron Rubin, Owner
Managing Agent
River Road Family Vineyards
Ron Rubin Winery
5220 Ross Road
Sebastopol, CA 95472

Re:   Notice of Violations and Intent to File Suit Under the Federal Water Pollution Control Act (Clean Water Act)

Dear Mr. Rubin and Managing Agent:

**INTRODUCTION**

Since the early 1990s, the Federal Clean Water Act has required facilities such as wineries to obtain and comply with a permit from the State of California in order to discharge stormwater from their property. Most wineries (along with the majority of other industrial operations in the state) have chosen to submit documents seeking coverage under the General California Industrial Storm Water Permit ("IGP").

My client, California River Watch ("River Watch"), in its review of the California State Water Resources Control Board's ("SWRCB") stormwater database (commonly referred to as SMARTS), has been unable to confirm that either River Road Family Vineyards or Ron Rubin Winery has submitted any documentation seeking coverage under the IGP. As an alternative to the IGP, a discharger can seek coverage under an individual National Pollutant Discharge Elimination System ("NPDES") permit. On behalf of River Watch, this office sent you a "Letter of Inquiry" on November 28, 2022 via certified mail that was received December 6, 2022, requesting "documentation that you submitted the application for coverage or exemption from coverage under the [IGP] or have filed an application for an individual NPDES permit for your stormwater discharges." Neither River Watch nor this office received a response from you or any other person to the Letter of Inquiry.

As we know, compliance by Sonoma County landowners with our environmental laws is vital to our shared goal of ensuring protection of our cherished rivers, lakes, and streams. River

Notice of Violations Under CWA – Page 1

Watch, a non-profit environmental organization, is comprehensively reviewing the SWRCB's stormwater database to ensure compliance with the IGP and individual NPDES permits to ensure this goal is met.

**NOTICE OF ALLEGED VIOLATIONS**

This Notice is provided on behalf of River Watch in regard to violations of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1251 *et seq.*, that River Watch alleges are occurring at the winery owned and/or operated by River Road Family Vineyards and Ron Rubin Winery (collectively "the Winery") located at 5220 Ross Road, in the city of Sebastopol, California. Notice is being sent to you as the responsible owners, operators, and/or managers of the Winery and associated industrial operations.

CWA § 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United States unless such discharge is in compliance with various enumerated sections of the Act. Among other things, CWA § 301(a) prohibits discharges not authorized by, or in violation of, the terms of an individual NPDES permit or a general NPDES permit issued pursuant to CWA § 402, 33 U.S.C. § 1342.

CWA § 402(p), 33 U.S.C. § 1342 establishes a framework for regulating storm water and non-stormwater discharges from industrial facilities such as the Winery under the NPDES program. States with approved NPDES permitting programs are authorized under this section to regulate storm water discharges through individual permits issued to owners and/or operators of an industrial site and/or through the issuance of a single, statewide general permit applicable to all storm water dischargers. Pursuant to CWA § 402, the Administrator of the U.S. Environmental Protection Agency ("EPA") has authorized California's SWRCB to issue NPDES permits including general NPDES permits in California.

The SWRCB elected to issue a statewide general permit for industrial stormwater dischargers and issued NPDES Permit No. CAS000001, SWRCB Order No. 92-12-DWQ (the IGP) on or about November 19, 1991, amending it significantly on April 1, 2014 (effective July 1, 2015), pursuant to CWA § 402(p). In order to discharge stormwater lawfully in California, industrial dischargers must comply with the terms of the IGP or have obtained an individual NPDES permit and ensure compliance with its terms.

CWA § 505(b) requires a citizen to give notice of the intent to file suit sixty (60) days prior to the initiation of a civil action under CWA § 505(a). Notice must be given to the alleged violator, the EPA, and the state in which the violations occur. As required by the CWA, this Notice provides notice of the violations that have occurred and continue to occur at the Winery. Consequently, the Winery is placed on formal notice by River Watch that after the expiration of sixty (60) days from the date of this Notice, River Watch will be entitled to bring suit in the United States District Court against the Winery for continuing violations of an effluent standard or limitation, as well as the failure to comply with requirements set forth in the California Code of Federal Regulations and the North Coast Regional Water Quality Control Board ("RWQCB") Water Quality Control Plan or "Basin Plan."

The CWA requires that any notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto shall include sufficient information to permit the recipient to identify the following:

**1. The Specific Standard, Limitation, or Order Alleged to Have Been Violated**

If an industrial facility, such as the Winery, incurs stormwater or non-stormwater industrial related discharges from its site, it must obtain coverage under a NPDES permit. River Watch notices the Winery of ongoing violations of CWA § 402(a) through: (1) its failure to apply for, obtain, and comply with the terms and conditions of an individual NPDES permit; or (2) its failure to submit a Notice of Intent ("NOI") seeking coverage under the IGP. Either permit would address the discharges of stormwater and non-stormwater relating to industrial services and operations taking place at the Winery.

River Watch, following its investigation and consultation with experts, contends that the Winery has failed to conduct its industrial operations at the Winery with coverage under, and in compliance with, any of the requirements under the CWA including, but not limited to, eliminating the threat of pollution from those industrial operations.

**2. The Activity Alleged to Constitute a Violation**

Full compliance with the mandates of the permitting requirements under the CWA is not a mere statutory and regulatory exercise. The lands in and surrounding the Winery produce a harvest of unparalleled bounty drawing acclaim worldwide. Failing to care for this critical environment as alleged in this Notice is a violation not only of law, but an abrogation of the trust we demand of Sonoma County landowners.

A review of publicly available information and eyewitness reports reveals that industrial operations at the Winery are conducted both indoors and outdoors where they are subject to rain events. As there is no compliance by the Winery with standard CWA permitting requirements, there is no stormwater sampling and monitoring or Best Management Practices ("BMPs") implemented at the winery that would control the discharge of pollutants and ensure no unlawful discharge of pollutants from the Winery.

Prior to initiating operations, the Winery was required to register for coverage under the IGP by certifying and submitting permit registration documents ("PRDs") via SMARTS which consist of: (1) a completed NOI and signed certification statement; (2) a copy of a current Site Map from the Storm Water Pollution Prevention Plan ("SWPPP"); (3) a SWPPP and (4) payment of the appropriate Annual Fee (*see* IGP § II.B.1.b.) River Watch contends the Winery has failed and continues to fail to comply with this requirement of the IGP.[1]

---

[1] Additional requirements under the IGP include, but are not limited to, the following:

For SMARTS electronic account management and security reasons, as well as enforceability of the IGP, the Winery's Legally Responsible Person ("LRP") for the Winery in seeking coverage under the IGP was required to certify and submit all Permit Registration Documents ("PRDs") for NOI coverage prior to the

In the absence of PRDs, River Watch's concern for effective storm water or process water pollution control also extends to the following:

- If a pond receiving industrial stormwater exists on the Winery site that may discharge to waters of the United States, this pond must be sufficiently sized and constructed to prevent overflows or subsurface releases.

- "Erosion and Sediment Controls" must be put in place at the Winery to ensure roadways used for the trucking of supplies to, from, and within the Winery are constructed and maintained to properly control stormwater discharges from the Winery as required by the IGP.

- The Winery must conduct a comprehensive potential pollutant analysis, including an analysis of transportation-related services to and from the Winery.

Note that in addition to the pollution controls imposed under CWA permitting, the RWQCB has established water quality standards applicable to facilities such as the Winery. The RWQCB's Basin Plan includes both numeric and narrative standards.

### 3. The Person or Persons Responsible for the Alleged Violation

The entities responsible for the violations alleged in this Notice are River Road Family Vineyards and Ron Rubin Winery, referred to collectively in this Notice as the Winery.

---

beginning of operations (*see* IGP § II.A.). The Winery has failed and continues to fail to comply with this requirement of the IGP.

All other documents were required to be certified and submitted via SMARTS by the Winery's LRP or by its Duly Authorized Representative in accordance with the Electronic Signature and Certification Requirements (*see* IGP § XXI.K). The Winery has failed and continues to fail to comply with this requirement of the IGP.

When applying for its NOI coverage under the IGP, the Winery was required to submit data and/or information, prepared by a Qualified Industrial Storm Water Practitioner ("QISP"), demonstrating that: (1) the Winery has eliminated all exposure to storm water of the pollutant(s) for which the water body is impaired, has documented the procedures taken to prevent exposure onsite, and has retained such documentation with the SWPPP at the facility; (2) the pollutant(s) for which the water body is impaired is/are not present at the Winery, and that the Winery has retained documentation of this finding with the SWPPP at the Winery or; (3) the discharge of any listed pollutant will not cause or contribute to an exceedance of a water quality standard. This is demonstrated either if the Winery complies with water quality standards at the point of discharge, or if there are sufficient remaining waste load allocations in an approved TMDL and the discharge is controlled at least as stringently as similar discharges subject to that TMDL (*see* IGP § VII.B). The Winery has failed and continues to fail to comply with this requirement of the IGP.

### 4. The Location of the Alleged Violation

The location of the various violations is the address of the Winery at 5220 Ross Road in the city of Sebastopol, California.

### 5. The Date or Dates of Violation or a Reasonable Range of Dates During Which the Alleged Activity Occurred

The range of dates covered by this Notice is January 10, 2018 to the present. This Notice includes all violations which occur after the range of dates covered by this Notice. Some of the violations are continuous in nature, therefore each day constitutes a violation.

### 6. The Full Name, Address, and Telephone Number of the Person Giving Notice

The entity giving this Notice is California River Watch, an Internal Revenue Code § 501(c)(3) nonprofit, public benefit corporation organized under the laws of the State of California, with headquarters located in Sebastopol, California. River Watch's mailing address is 290 South Main Street, #817, Sebastopol, California 95472. River Watch is dedicated to protecting, enhancing, and helping to restore surface water and groundwaters of California including coastal waters, rivers, creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora, and fauna, and to educating the public concerning environmental issues associated with these environs.

River Watch may be contacted via email: US@ncriverwatch.org, or through its attorneys. River Watch has retained legal counsel with respect to the issues set forth in this Notice. All communications should be directed to counsel identified below:

| | |
|---|---|
| Jack Silver, Esquire | David Weinsoff, Esq. |
| Law Office of Jack Silver | Law Office of David Weinsoff |
| 708 Gravenstein Hwy. North # 407 | 138 Ridgeway Avenue |
| Sebastopol, CA 95472 | Fairfax, CA 94930 |
| Tel. 707-528-8175 | Tel. 415-460-9760 |
| Email: JsilverEnvironmental@gmail.com | Email: David@weinsofflaw.com |

**REMEDIAL MEASURES REQUESTED**

River Watch believes that application to the RWQCB for an individual NPDES permit or the filing of an NOI seeking coverage under the IGP, followed by strict compliance with the terms and conditions imposed, is necessary in order to bring the Winery into compliance with the CWA and reduce the biological impacts from its non-compliance upon public health and the environment surrounding the Winery.

**CONCLUSION**

The violations set forth in this Notice effect the health and enjoyment of members of River Watch who reside and recreate in the affected community and may use the affected watershed for

recreation, sports, fishing, swimming, hiking, photography, nature walks and/or the like. Their health, use, and enjoyment of this natural resource is specifically impaired by the Winery's alleged violations of the CWA as set forth in this Notice.

CWA §§ 505(a)(1) and 505(f) provide for citizen enforcement actions against any "person," including individuals, corporations, or partnerships, for violations of NPDES permit requirements and for unpermitted discharges of pollutants. 33 U.S.C. §§ 1365(a)(1) and (f), §1362(5). An action for injunctive relief under the CWA is authorized by 33 U.S.C. §1365(a). Violators of the Act are also subject to an assessment of civil penalties of up to $64,618.00 per day/per violation pursuant to CWA § 309(d) and 505, 33 U.S.C. §§ 1319(d), 1365. *See also* 40 C.F.R. §§ 19.1-19.4. River Watch believes this Notice sufficiently states grounds for filing suit in federal court under the "citizen suit" provisions of CWA to obtain the relief provided for under the law.

The CWA specifically provides a **60-day** "notice period" to promote resolution of disputes. River Watch encourages WINERY to contact counsel for River Watch within **20 days** after receipt of this Notice to: (1) initiate a discussion regarding the allegations detailed in this Notice and, (2) schedule a date for a site visit to the Winery. In the absence of productive discussions to resolve this dispute, or receipt of additional information demonstrating the Winery is in compliance with the strict terms and conditions of the CWA, River Watch will have cause to file a citizen's suit under CWA § 505(a) when the 60-day notice period ends.

Very truly yours,

David Weinsoff

**Service List**

Michael S. Regan - Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Mail Code 1101A
Washington, D.C. 20460

Martha Guzman - Regional Administrator
U.S. Environmental Protection Agency
Pacific Southwest, Region 9
75 Hawthorne Street
Mail Code ORA-1
San Francisco, CA 94105

Eileen Sobeck - Executive Director
State Water Resources Control Board
P.O. Box 100
Sacramento, CA 95812-0100

<div style="text-align:center">

LAW OFFICE OF
DAVID J. WEINSOFF
138 Ridgeway Avenue
Fairfax, California 94930
tel. 415·460·9760
david@weinsofflaw.com

</div>

*Via Certified Mailing - Return Receipt*

January 10, 2023

Mr. Ron Rubin, Owner
Managing Agent
River Road Family Vineyards
Ron Rubin Winery
5220 Ross Road
Sebastopol, CA 95472

Re:   Notice of Violations and Intent to File Suit Under the Federal Water Pollution Control Act (Clean Water Act)

Dear Mr. Rubin and Managing Agent:

  By law the enclosed Notice is required to be detailed, comprehensive and must clearly state an intent to file suit under the Clean Water Act. As such the Notice can seem ominous and formal. We understand that receiving a notice of a possible legal action is a disturbing experience. Please know that it is the policy of California River Watch to try and avoid litigation whenever possible. Many of the matters and disputes we handle are resolved by means of the parties meeting and consulting to address the issues and problems raised in the Notice.

  Although we have access to public records, citizen complaints, visual inspections and water quality data, our understanding of your operation is incomplete. Because of the formal nature of the Notice letter, we are writing you separately to ask that you please contact this office to discuss the concerns raised in the Notice and possible resolutions to those issues. California River Watch prefers compliance through cooperation rather than litigation and would welcome the opportunity to work with you in this regard. Thank you for your time and consideration.

<div style="margin-left:50%">

Very truly yours,

*David Weinsoff* (signature)

David Weinsoff

</div>